IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CRAIG K. STATEN,
    Plaintiff,

vs.                                           Case No. 3:10cv108/WS/EMT

DEPARTMENT OF THE NAVY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This civil rights action is before the court upon referral from the clerk. Plaintiff filed numerous motions to proceed in forma pauperis (Docs. 2, 7, 9, and 14), all of which the court denied (Docs. 5, 8, 10, and 16). Plaintiff failed to respond to the court's September 30, 2010, order denying his most recently-filed motion to proceed in forma pauperis and directing him to pay the filing fee within thirty (30) days (Doc. 16). Therefore, on November 3, 2010, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 17). This date was later extended to December 28, 2010 (Doc. 19). The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to pay the filing fee.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

        At Pensacola, Florida, this 4th day of January 2011.

                                        /s/ *Elizabeth M. Timothy*
                                        **ELIZABETH M. TIMOTHY**
                                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**